Rickey Guy OWENS, Jr., Petitioner,

v.

The STATE of Oklahoma, and The District Court of Custer County, Oklahoma, Respondents.

No. A–13763.

Court of Criminal Appeals of Oklahoma.

Dec. 22, 1965.

Rehearing Denied Jan. 12, 1966.

George C. Loving, Clinton, for petitioner.

J. B. Harvey, Custer County Atty., for respondents.

NIX, Judge.

Rickey Guy Owens, Jr., filed a petition in this Court seeking casemade and permission to file his appeal out of time, alleging that he was denied his Constitutional right to appeal.

According to the record now before this Court, the defendant was charged with the crime of Robbery with a Dangerous Weapon, was tried by a jury, found guilty, and sentenced to Seven Years in the penitentiary. He had a court-appointed attorney and states that he wanted to appeal his case, but that his attorney didn't feel it would do any good. No Motion for New Trial was filed, nor notice of Intent to Appeal was ever given. Judgment and sentence was rendered on March 15, 1965, and on July 2, 1965, defendant wrote a letter requesting a transcript in his case in order that he could appeal same. On August 4, 1965, the District Court of Custer County issued an order appointing George Loving as Attorney for defendant, and directing the preparation of a transcript at public expense; which was used for the purpose of making application to this Court for permission to file Post-Conviction Appeal.

On September 16, 1965, this Court ordered an Evidentiary Hearing in the trial court and transcript of that hearing was forwarded to this Court on November 8, 1965.

From that record, and all of the documents now before the Court, it appears that defendant did not affirmatively pursue his alleged intention to appeal within the time prescribed by law.

This Court stated in the case of Foster v. Page, Okl.Cr., 408 P.2d 800, decision handed down December 15, 1965:

"When a defendant does not serve notice of his intent to appeal, does not request a casemade, or make any affirmative attempt to perfect his appeal through the trial court before the time for appeal has expired, he cannot be heard to complain that his Constitutional rights have been violated or denied; and application to Court of Criminal Appeals for Post-Conviction Appeal will be denied."

It is therefore, the order of this Court that the Writ prayed for, is denied.

BUSSEY, P. J., and BRETT, J., concur.